ECHOLS *v*. REED.

No. 12163. MAY 11, 1938.

*George G. Finch,* for plaintiff.

*J. C. Savage, C. S. Winn, Bond Almand,* and *J. C. Murphy,* for defendant.

RUSSELL, Chief Justice. This was an application to file a petition in the nature of a proceeding quo warranto, brought by W. R. Echols against W. P. Reed, in which Echols asked that he be reinstated in his office as inspector of weights and measures of the City of Atlanta. His honor, Judge Pomeroy, of the Atlanta Circuit, granted the application, and called upon Reed to answer why he should not be ousted. The case came on for hearing before his honor, Judge Humphries, and by consent of both parties the case was heard without the intervention of a jury, issues of fact as well as of law being left to the determination of the judge. The judge refused the prayer of the petitioner, who excepted. The case is so clearly stated in the order of Judge Humphries, to which exception is taken, that we adopt his decision as part of the opinion of this court.

"The plaintiff alleges that on January 28, 1931, he was elected inspector of weights and measures of the City of Atlanta, and that on February 12, 1937, he was dropped by the police committee of the city without trial. It is alleged that W. P. Reed was appointed inspector of weights and measures, to the office from which petitioner had been removed. The plaintiff alleges that he is entitled to the office of inspector of weights and measures of the city, and prays that he be restored to that office and the respondent removed therefrom. The plaintiff and the defendant agreed, on the hearing, that allegations of fact as set forth in the petition and answer are true, except as to the allegation that the chief of police required the plaintiff from time to time to do designated police work. As

to that issue, the same was submitted to the court without a jury, and after hearing the court finds that occasionally the chief of police asked the plaintiff to co-operate with special railroad officers in their work, and to make at other times inspection of beer saloons. The court finds, however, that this work on the part of the plaintiff did not convert his work as an inspector of weights and measures, to which he had been elected, into the work of a patrolman and subject him to the requirements incident to a regular police officer. In 1928 the following ordinance was of force in the City of Atlanta: 'Section 3332 of the City Code for 1924 is amended to read as follows: The position of inspector of weights and measures is hereby created. Said inspector shall be appointed by the committee on police of the general council, and shall hold such appointment for a period of four years, unless removed by the committee on police of the general council for incompetency or neglect of duty. Such inspector shall give bond in the sum of two thousand dollars, to be approved by the clerk of council of the City of Atlanta, payable to the City of Atlanta, conditioned for the faithful performance of duties of said office. Said section as amended shall be effective as to the present term of office by inspector of weights and measures.' On November 5, 1929, the following ordinance was approved by the mayor and council: 'The inspector of weights and measures is vested with full authority as a police officer of said city, and shall take the oath of office as such, and shall receive salary equal to that of a patrolman. After the approval of this ordinance, he shall be a member of the police department, and all funds now apportioned to the department of weights and measures and all other property now in said department are hereby transferred to the department of police.' The plaintiff contends that under the latter ordinance he became a police officer of the City of Atlanta, serving during good behavior and not for a term of years, as previously provided. If the plaintiff should be held to be a regular police officer, as claimed by him, he would be subject to the rules and regulations relating to police officers, and could not claim the privilege of tenure during good behavior in the department of inspector of weights and measures, to which he seeks to be installed. Wherefore it is ordered and adjudged that the prayer of the petitioner be and the same is hereby denied."

It is strenuously insisted by able counsel for the plaintiff that

where a city charter provides that the term of office of an incumbent *shall be during good behavior,* he can not be discharged without a trial. To this proposition we agree. However, the judge was authorized to find that the plaintiff did not become a police officer, but that if he held any office it was that of inspector of weights and measures, and that his right to such office expired by operation of law after the fixed term of four years. By an act of the General Assembly approved March 30, 1937 (Ga. L. 1937, p. 1497), "All references and provisions for civil service as provided for the regular police force in the foregoing sections shall not be construed to refer to clerical help and laborers and assistants not employed as regularly constituted members of the police force of said city." While the ordinance of November 5, 1929, on which the plaintiff relies, provides that the inspector of weights and measures is vested with full authority as a police officer, and shall take the oath of office as such, and shall receive salary equal to that of a patrolman, and provides also that such inspector shall be a member of the police department, the ordinance does not go so far as to place such inspector in the status of "regularly constituted members of the police force" within the meaning of the act of 1937. Plaintiff's tenure, therefore, was not that of a regularly constituted police officer continuing during good behavior. It is noted that under the act of 1937 clerical help, laborers, and assistants in the police department are not accorded the rights and tenure of a patrolman. Accordingly, we do not perceive any error in the judgment of the trial court.

*Judgment affirmed. All the Justices concur.*